**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

─────────────────────────────────────

ANGELINA R.,

                Plaintiff,

    v.                                             3:18-CV-471
                                                    (DJS)

ANDREW M. SAUL[1], *Commissioner of Social Security*,

                Defendant.

─────────────────────────────────────

**APPEARANCES:**                          **OF COUNSEL:**

LACHMAN & GORTON             PETER A. GORTON, ESQ.
Attorney for Plaintiff
1500 East Main Street
P.O. Box 89
Endicott, New York 13761-0089

U.S. SOCIAL SECURITY ADMIN.    VERNON NORWOOD, ESQ.
OFFICE OF REG'L GEN. COUNSEL
REGION II
Attorney for Defendant
26 Federal Plaza - Room 3904
New York, NY 10278

**DANIEL J. STEWART
United States Magistrate Judge**

---

[1] Mr. Saul became Commissioner on June 17, 2019 and is substituted as the Defendant pursuant to FED. R. CIV. P. 25(d).

# MEMORANDUM-DECISION AND ORDER[2]

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled for purposes of disability insurance benefits. Dkt. No. 1. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 11, 14, & 17. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is granted and Defendant's Motion is denied. The Commissioner's decision is reversed and the matter is remanded for further proceedings.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1975. Dkt. No. 8, Admin. Tr. ("Tr."), p. 224. Plaintiff reported receiving an associate's degree. Tr. at pp. 205 & 429. She has past work experience as a call center representative, clerk-typist, and as a secure care treatment aide. Tr. at p. 430. Plaintiff alleges disability based upon fibromyalgia, tachycardia, dysmenorrhea, menorrhagia, hypertension, anxiety, depression, severe sleep apnea, chronic fatigue, irritable bowel syndrome, neuropathy, and fibroids. Tr. at pp. 224 & 428.

---

[2] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 6 & General Order 18.

2

**B. Procedural History**

Plaintiff applied for disability insurance benefits on May 22, 2014. Tr. at p. 235. She alleged a disability onset date of September 18, 2013. Tr. at p. 224. Plaintiff's application was initially denied on September 3, 2014, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 236-239 & 242-243. Plaintiff appeared at a hearing before ALJ John P. Ramos on October 13, 2016. Tr. at pp. 201-223. Two supplemental hearings were held to take additional testimony. Tr. at pp. 148-153 & 156-184. On September 6, 2017, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 112-126. On March 14, 2018, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-6.

**C. The ALJ's Decision**

In his decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2019 and that she had not engaged in substantial gainful activity since September 18, 2013, the alleged onset date. Tr. at p. 115. Second, the ALJ found that Plaintiff had the following severe impairment: degenerative joint disease bilateral knees. Tr. at p. 115. The ALJ also found that Plaintiff had numerous non-severe impairments, including most relevant to the issues raised in this case, fibromyalgia. Tr. at pp. 115-118. Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically

equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at p. 121. Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform the full range of sedentary work. *Id.* Fifth, the ALJ found that Plaintiff could perform her past relevant work as a customer service representative. Tr. at p. 124. The ALJ, therefore, concluded that Plaintiff is not disabled. Tr. at p. 126.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than

4

one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

5

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### C. The Parties' Briefings on Their Cross-Motions

In her brief, Plaintiff makes four principal arguments. First, she contends that the ALJ erred in failing to find that Plaintiff's fibromyalgia was a severe impairment. Dkt. No. 11, Pl.'s Mem. of Law, pp. 10-14. Second, Plaintiff objects that the ALJ's error in assessing Plaintiff's fibromyalgia resulted in the ALJ improperly substituting his lay opinion for the medical evidence and failing to properly evaluate the medical opinions in the record. *Id.* at pp. 14-21. Third, Plaintiff contends that the Appeals

Council erred in failing to consider relevant evidence. *Id.* at pp. 21-23. Finally, Plaintiff contends that the ALJ's step five determination was not supported by substantial evidence. *Id.* at pp. 23-24.

In response, Defendant contends that Plaintiff failed to establish that her fibromyalgia was a severe impairment. Dkt. No. 14, Def.'s Mem. of Law, pp. 8-10. Defendant also asserts that the ALJ's RFC determination was supported by substantial evidence. *Id.* at pp. 10-12. Third, Defendant contends that the step five determination was also supported by substantial evidence. *Id.* at pp. 12-13. Finally, Defendant argues that the evidence submitted to the Appeals Council was no basis for changing the ALJ's determination. *Id.* at pp. 14-15.

### III. ANALYSIS

### A. The ALJ's Severity Determination

"At step two of the sequential analysis, the ALJ must determine whether the claimant has a 'severe medically determinable physical or mental impairment.'" *Pepper v. Comm'r of Soc. Sec.*, 2015 WL 3795879, at *2 (N.D.N.Y. June 17, 2015) (quoting 20 C.F.R. § 404.1520(a)(4)(ii)). A condition will be found not severe when it does not significantly impact or limit the individual's ability to do basic work. *Id.*; *see also Royal v. Astrue*, 2012 WL 5449610, at *5 (N.D.N.Y. Oct. 2, 2012), *report and recommendation adopted*, 2012 WL 5438945 (N.D.N.Y. Nov. 7, 2012). Plaintiff alleges that the ALJ erred in not finding her fibromyalgia to be severe a impairment. Pl.'s Mem. of Law at pp. 11-14.

7

"The 'mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment' is not, itself, sufficient to deem a condition severe." *Bergeron v. Astrue*, 2011 WL 6255372, at *3 (N.D.N.Y. Dec. 14, 2011) (quoting *McConnell v. Astrue*, 2008 WL 833968, at *2 (N.D.N.Y. Mar. 27, 2008)). "The severity of an impairment is not determined merely by diagnosis, but by the limitations imposed by the impairment." *Tillis v. Colvin*, 2016 WL 8674672, at *2 (N.D.N.Y. Mar. 11, 2016). "The claimant bears the burden of presenting evidence establishing severity." *Henry v. Astrue*, 32 F. Supp.3d 170, 180 (N.D.N.Y. 2012) (citing *Miller v. Comm'r of Soc. Sec.*, 2008 WL 2783418, at *6-7 (N.D.N.Y. July 16, 2008)). "When the parties disagree over the effect of the ALJ's failure to include a condition at step two, resolution of this issue comes down to a question of whether there was substantial evidence to support the ALJ's conclusion that [the condition(s)] should not be included as a severe impairment." *Eralte v. Colvin*, 2014 WL 7330441, at *10 (S.D.N.Y. Dec. 23, 2014) (quoting *Hussain v. Comm'r of Soc. Sec.*, 2014 WL 4230585, at *7 (S.D.N.Y. Aug. 27, 2014)) (internal quotations omitted).

"SSR 12-2p provides guidance on how ALJ's should evaluate whether fibromyalgia is a medically determinable impairment and how to evaluate its limiting effects. The ruling recognizes two sets of criteria for diagnosing fibromyalgia." *Wood-Callipari v. Comm'r of Soc. Sec.*, 2016 WL 3629132, at *3 (N.D.N.Y. June 29, 2016) (quoting SSR 12-2p, 2012 WL 3104869, at *2-3).

8

> The first set of criteria requires (1) a history of widespread pain-that is, pain in all quadrants of the body (the right and left sides of the body, both above and below the waist) and axial skeletal pain (the cervical spine, anterior chest, thoracic spine, or low back)–that has persisted . . . for at least 3 months and (2) at least 11 positive tender points on physical examination . . . found bilaterally (on the left and right sides of the body) and both above and below the waist and (3) evidence that other disorders that could cause the symptoms or signs were excluded.
>
> The second set of criteria requires all three of the following criteria, including (1) a history of widespread pain, (2) repeated manifestations of six or more [fibromyalgia] symptoms, signs, or co-occurring conditions, especially manifestations of fatigue, cognitive or memory problems ("fibro fog"), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome, and (3) evidence that other disorders that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded.

*Miller v. Colvin*, 2016 WL 4402035, at *6 n. 2 (N.D.N.Y. Aug. 18, 2016) (quoting SSR 12-2p, 2012 WL 3104869, at *2-3) (internal quotations and alterations omitted). Either set of criteria "is sufficient to establish the impairment." *Warthan v. Comm'r of Soc. Sec.*, 2017 WL 79975, at *6 (N.D.N.Y. Jan. 9, 2017). Plaintiff alleges that under the second of these criteria her fibromyalgia should have been found to constitute a severe impairment and that the ALJ erred in considering only the first criteria. Pl.'s Mem. of Law at p. 11.

The ALJ's discussion of fibromyalgia, which he found to be a non-severe impairment, clearly shows that he considered the evidence in the record regarding positive trigger points. Tr. at p. 116. That review is relevant only to the first of the two criteria in SSR 12-2p. The analysis, however, does not show consideration of the specific factors in the second of the criteria under 12-2p. The ALJ's severity analysis

9

does not discuss Plaintiff's history of pain, the presence or, for that matter the absence of, fibromyalgia symptoms, or the possibility that other disorders could be causing such symptoms or have been excluded as a cause. *See* Tr. at p. 116. Given this, the ALJ failed to fully consider whether fibromyalgia was a severe impairment. *Grubbs v. Comm'r of Soc. Sec.*, 2019 WL 1298481 at *5 (W.D.N.Y. Mar. 21, 2019); *Kirah D. v. Berryhill*, 2019 WL 587459 at *7 (N.D.N.Y. Feb. 13, 2019); *Durodoye v. Comm'r of Soc. Sec.*, 2018 WL 1444212, at *6 (N.D.N.Y. Mar. 20, 2018). At the very least, the ALJ's decision is insufficient to demonstrate that the proper analysis was conducted. *See Dawn P. v. Berryhill*, 2019 WL 1024279, at *7 (N.D.N.Y. Mar. 4, 2019) (ALJ has an obligation to provide a sufficiently specific decision so that the reviewing court can assess the propriety of the decision).

While an error at step two may sometimes be deemed harmless, *Pascal T. v. Berryhill*, 2019 WL 316009, at *7 (N.D.N.Y. Jan. 24, 2019) (citing cases), the Court cannot conclude that the error was harmless in this case. Courts have long recognized that "the unique nature of fibromyalgia" makes it a particularly difficult condition to evaluate in the context of disability cases. *Campbell v. Colvin*, 2015 WL 73763, at *5 (N.D.N.Y. Jan. 6, 2015). Part of the difficulty in analyzing it relates to the fact that "there are no objective tests which can conclusively confirm the disease." *Fuller v. Comm'r of Soc. Sec.*, 2015 WL 5512383, at *7 (N.D.N.Y. Sept. 16, 2015). Here, in later parts of the ALJ's sequential analysis, he contrasts Plaintiff's subjective complaints with the lack of "positive clinical findings." Tr. at p. 122. He also limits the weight given to

several medical providers who opined as to Plaintiff's limitations related to fibromyalgia because their findings were not supported by, or were made without reference to supportive, clinical findings. Tr. at pp. 122-124 (discussing findings of providers Witbeck, Fleming and Bishop). Given that a different analysis of Plaintiff's fibromyalgia at step two may have impacted these findings, the Court cannot find that the step two error was harmless. *See, e.g., Cook v. Comm'r of Soc. Sec.*, 2019 WL 2082305, at *2 (W.D.N.Y. May 13, 2019) (finding improper analysis of fibromyalgia at step two to not be harmless); *Grubbs v. Comm'r of Soc. Sec.*, 2019 WL 1298481 at *5 (same). Remand for further proceedings, therefore, is necessary.

### B. Plaintiff's Remaining Contentions

Plaintiff raises three additional arguments. First, she argues that the error regarding the consideration of fibromyalgia at step two led the ALJ to improperly evaluate the medical evidence. Pl.'s Mem. of Law at pp. 14-21. Plaintiff also argues that the step five determination is not supported by substantial evidence. *Id.* at pp. 23-24. These issues present questions directly related to and dependent upon the ALJ's evaluation of the severity of Plaintiff's fibromyalgia. Any discussion of these issues now would be purely hypothetical given the need for the ALJ to reconsider that condition. There is thus no need to pass on those questions at this time. *See Hamilton v. Astrue*, 2012 WL 5303338, at *3 (N.D.N.Y. Oct. 25, 2012) ("Because [plaintiff's] remaining arguments are contingent upon the ALJ's resolution of the foregoing issue on remand, the court need not address them.")

11

Plaintiff's other contention is that the Appeals Council erred in not considering certain information presented to it as new evidence. *Id.* at pp. 21-23. Defendant contends that there was no error in failing to consider the information because it did not provide any basis for altering the ALJ's decision. Def.'s Mem. of Law at pp. 14-15. In light of the remand order, the Court need not address whether the Appeals Council properly declined to consider this material since it is now a part of the administrative record in this case which should be considered by the ALJ on remand. *Noutsis v. Colvin*, 2016 WL 552585, at *10 n. 3 (E.D.N.Y. Feb. 10, 2016) (citing *Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996)); *Jones v. Comm'r of Soc. Sec.*, 2013 WL 3486994, at *12 n. 10 (S.D.N.Y. July 11, 2013).

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **REVERSED** and the matter is **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g); and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: July 12, 2019
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge