**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ANGELINA R.,

                   Plaintiff,

   - v -                                         Civ. No. 3:18-CV-471
                                                         (DJS)

ANDREW M. SAUL, *Comm'r of Soc. Sec.*,

                   Defendant.

**APPEARANCES:**                                 **OF COUNSEL:**

LACHMAN, GORTON LAW FIRM         PETER A. GORTON, ESQ.
Counsel for Plaintiff
P.O. Box 89
1500 East Main Street
Endicott, NY  13761

U.S. SOCIAL SECURITY ADMIN.          VERNON NORWOOD, ESQ.
OFFICE OF REG'L GENERAL COUNSEL
 - REGION II
Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION AND ORDER

### I.  INTRODUCTION

On April 30, 2020, Peter A. Gorton, counsel to Plaintiff in this action, submitted a Motion for Attorneys' Fees.  Dkt. No. 23.  Defendant submitted a Response to the Motion, in which he explained that the Motion was timely filed, noted that district courts within this circuit have approved and disapproved comparable *de facto* hourly rates, and stated

1

that there was no evidence of fraud or overreaching by counsel. Dkt. No. 24. Upon review of the matter, the Court grants Plaintiff's Motion.

## II. BACKGROUND

Plaintiff filed a Complaint in this matter on April 17, 2018, seeking review of the Commissioner's determination denying Plaintiff's application for disability benefits. Dkt. No. 1. The parties filed Motions for Judgment on the Pleadings, and on July 12, 2019, this Court granted Plaintiff's Motion, remanded the matter for further administrative proceedings, and entered judgment in favor of Plaintiff. Dkt. Nos. 18 & 19. The parties stipulated as to Plaintiff's first Motion for Attorneys' Fees pursuant to the Equal Access to Justice Act ("EAJA"), filed in August of 2019, and the Court ordered such attorneys' fees awarded. *See* Dkt. Nos. 21 & 22. At that time, $6,386.33 was awarded and received by counsel. *See id.* Upon review of the matter on remand, the Administrative Law Judge issued a favorable decision awarding Plaintiff benefits. Dkt. Nos. 23-1 & 23-3. That decision resulted in an award to Plaintiff of total back due benefits of $160,896.00. *Id.* On April 30, 2020, Plaintiff's counsel filed a Motion for Attorneys' Fees pursuant to 42 U.S.C. § 406(b). Dkt. No. 23.

Plaintiff's counsel seeks attorneys' fees in the amount of $22,700.00, of which he would remit to Plaintiff the sum of $6,386.33 previously awarded from the EAJA fees.

## III. DISCUSSION

The Social Security Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such

representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A). This section "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The court "must give due deference to the intent of the parties, but it ought not blindly approve every fee request made pursuant to a contingent agreement." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).

"[A] requested fee based on a contingent fee arrangement should be enforced unless the court finds it to be unreasonable." *Id.* at 370. In determining whether a fee is reasonable, a court should consider whether the attorney is responsible for a delay in the proceedings, as well as "whether there has been fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney." *Id.* at 372; *Gisbrecht v. Barnhart*, 535 U.S. at 808. In determining whether an award would constitute a windfall,

> courts in this circuit have identified several relevant considerations, which include: (1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

*Porter v. Comm'r of Soc. Sec.*, 2009 WL 2045688, at *3 (N.D.N.Y. July 10, 2009) (quoting *Rowell v. Astrue*, 2008 WL 2901602, at *4 (E.D.N.Y. July 28, 2008)). If the court finds the fee is unreasonable, the court "may reduce the fee provided it states the reasons for and the amounts of the deductions." *Id.*

3

Here, the contingency fee agreement provides in pertinent part that "[i]f the first ALJ decision after the date of this agreement is a denial, and my attorney agrees to appeal and the case is won at a later proceeding, the fee will be 25% of all back benefits awarded in my case without any cap on the fee." Dkt. No. 8 at p. 240. The amount requested does not exceed the 25% cap, and there is no evidence of fraud or overreaching.

Counsel seeks $22,700.00, and counsel expended 31.2 hours of work on this matter at the federal level, resulting in a *de facto* hourly rate of $727.57.[1] Dkt. Nos. 23-1 & 23-2. This a high rate, but is within the range that has been awarded as attorneys' fees in this type of case. *See Eric K. v. Berryhill*, 2019 WL 1025791, at *2 (N.D.N.Y. Mar. 4, 2019) (awarding attorneys' fees at a *de facto* hourly rate of $1,500); *Filipkowski v. Barnhart*, 2009 WL 2426008, *2 (N.D.N.Y. Aug. 6, 2009) (awarding attorneys' fees at a *de facto* hourly rate of $743.30). As for the effort expended by the attorney, this is not a case in which the matter was simply remanded upon stipulation of the parties; counsel prepared a Motion for Judgment on the Pleadings which was compelling enough that the Court remanded the matter for further consideration. In addition, Plaintiff has been awarded significant benefits as a result of the litigation. Finally, in reviewing counsel's time log, it generally appears to reflect properly recorded and appropriate attorney work. The Court therefore finds that the amount requested would not constitute a windfall, and will not deny the Motion on that basis.

---

[1] "Although the Court cannot rely on the lodestar method to determine whether the fees sought are reasonable, Plaintiff's counsel's record of the time he expended in federal court and the tasks that he performed related to the federal court litigation is one factor that the Court may consider in determining reasonableness." *Whittico v. Colvin*, 2014 WL 1608671, at *5 (N.D.N.Y. Apr. 22, 2014).

Finally, the Motion was submitted timely. "Unless a statute or a court order provides otherwise, the motion [for attorneys' fees] must: (i) be filed no later than 14 days after the entry of judgment[.]" FED. R. CIV. P. 54(d)(2)(B). This rule applies to Section 406(b) attorneys' fee applications following a district court remand of an agency denial of benefits. *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. Aug. 2, 2019). Because the Commissioner typically calculates benefits "months after the district court remands," however, the timeframe may be tolled pending the Commissioner's calculation of benefits following remand, and then would begin to run upon the claimant receiving notice of the benefits calculation. *Id.* at 86-91. In this case, the Motion was submitted on April 30, 2020, and the Notice of Award letters were dated April 19, 2020 and April 25, 2020. Dkt. No. 23-3. The Motion is therefore timely. The Court will grant Plaintiff's Motion.

## IV.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Motion for Attorneys' Fees (Dkt. No. 23) is **GRANTED**; and it is further

**ORDERED**, that Attorney Gorton is awarded the sum of $22,700.00 as fees pursuant to 42 U.S.C. § 406(b), to be paid from the amount withheld by the Commissioner of Social Security from the past due benefits awarded to Plaintiff; and it is further

**ORDERED**, that Attorney Gorton is directed to remit to Plaintiff the sum of $6,386.33 that was previously awarded (and received) as attorneys' fees pursuant to the EAJA; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action in accordance with the Local Rules.

Dated: October 6, 2020
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge